IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHERMAINE LASTER, §<br>#52285509, §<br>PETITIONER, §<br>§<br>v. §<br>§<br>UNITED STATES OF AMERICA, §<br>RESPONDENT. § | CIVIL CASE NO. 3:21-CV-2444-B-BK |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Shermaine Laster's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed herein, the petition should be summarily **DISMISSED**.

### I.   BACKGROUND

Laster, a federal pretrial detainee in the Limestone County Detention Center, challenges the criminal charge pending against him. Doc. 3 at 1-2. He is awaiting trial on a federal grand jury indictment charging him with possession of a firearm by a convicted felon. *United States v. Laster*, No. 3:21-CR-320-B (N.D. Tex.); Crim. Doc. 6 (*Indictment*); Crim. Doc. 24 (*Order Granting Defendant's Motion for Continuance*).

In his federal habeas petition, Laster complains the federal government and this Court lack jurisdiction over his criminal offense and, thus, the indictment fails to charge a proper "offense under the laws of the United States." Doc. 3 at 6-7. He seeks dismissal of the

indictment and his release from pretrial detention.  Doc. 3 at 7.  Before filing this action, Laster filed two *pro se* motions to quash indictment on speedy trial grounds, which were stricken from the record as he is not entitled to a "hybrid representation."  Crim. Doc. 18; Crim. Doc. 21.

Upon review, the Court concludes that subject matter jurisdiction is lacking.  Even assuming jurisdiction, Laster should be required to exhaust the remedies available in his criminal case.  Therefore, his petition should be dismissed.

## II.   ANALYSIS

### A.  Jurisdiction is Lacking

To entertain a habeas corpus petition pursuant to section 2241, the Court must have jurisdiction over the prisoner or his custodian.  *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) (holding the district of incarceration is the only district that has jurisdiction to entertain a § 2241 petition).  Laster is presently incarcerated in Limestone County, which lies within the boundaries of the Western District of Texas, Waco Division.  28 U.S.C. § 124(d)(2).  Therefore, this Court lacks jurisdiction to entertain his habeas corpus petition.  *Lee*, 244 F.3d at 374-75.

### B.  Petitioner Should Exhaust Available Remedies in his Criminal Case

Even assuming jurisdiction, the petition should be summarily dismissed.  A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief.  *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal of § 2241 petition without ordering an answer from respondent); *see also* Rule 4 of the RULES GOVERNING SECTION 2254 CASES (providing for summary dismissal of a habeas petition).[1]

---

[1] Rule 1(b) of the RULES GOVERNING SECTION 2254 CASES renders the 2254 Rules applicable to habeas petitions not covered by Section 2254.

Pretrial habeas relief is available to a federal pretrial detainee only "in rare and exceptional cases." *Johnson v. Hoy,* 227 U.S. 245, 247 (1913) (citations omitted). It is well established that courts "should withhold relief . . . where an adequate remedy available in the criminal proceeding has not been exhausted." *Stack v. Boyle,* 342 U.S. 1, 6–7 (1951) (citations omitted). Likewise, the United States Court of Appeals for the Fifth Circuit has adopted "'the settled principle that a writ of habeas corpus may not be used . . . as a substitute for the ordinary proceedings of a trial court.'" *United States v. Bowler,* 62 F.3d 397, 1995 WL 449713, *2 (5th Cir. 1995) (per curiam) (quoting *U.S. ex rel. Palma v. Saegert,* 251 F.2d 59 (5th Cir. 1957)). In *Bowler*, two federal pre-trial detainees filed a petition under § 2241 challenging their indictment after the district court denied their motion to dismiss it. 1995 WL 449713, *1. The Fifth Circuit found no "'rare and exceptional'" circumstances warranting consideration of the pre-trial writ as a substitute for a direct appeal and concluded that the petitioners' arguments should be "presented and reached 'in the orderly administration of justice.'" *Id.* at *2; *see also Philip v. Cruz*, 3:11-CR-0361-L, 2012 WL 1413432, at *1–2 (N.D. Tex. Mar. 26, 2012), *Report and Recommendation adopted*, 2012 WL 1423656 (N.D. Tex. Apr. 24, 2012) (dismissing detention and prosecution challenges under § 2241 for failing to exhaust remedies available in the federal detainee's pending criminal case).

Here, as in *Bowler*, all claims Laster raises in his § 2241 petition can be pursued in his pending criminal action, where he is represented by appointed counsel. Accordingly, Laster should be required to fully exhaust the remedies available to him in his pending criminal case, and his habeas challenge should be dismissed.

### III.   CONCLUSION

For the foregoing reasons, Laster's petition for writ of habeas corpus under 28 U.S.C. §

2241 should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.  Even assuming jurisdiction, the petition should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust the remedies available in his pending criminal case.

    **SO RECOMMENDED** on October 21, 2021.

 

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).